# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02882-WYD-MJW

PARTICLE MEASURING SYSTEMS, INC., a Colorado corporation,

    *Plaintiff,*

v.

LIGHTHOUSE WORLDWIDE SOLUTIONS, INC. a California corporation,

    *Defendant.*

---

## STIPULATION AND PROTECTIVE ORDER (Docket No. 33-1)

---

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c)[1] and 29 of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

    1.    (a)    This Stipulated Protective Order shall govern the handling of all documents, electronic data, things, testimony or other information, including all copies, excerpts and summaries thereof (collectively "CONFIDENTIAL MATERIALS") that are

---

[1] USCS Fed Rules Civ Proc R 26 (c) Protective Orders.

  (1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ....The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

  (A)    forbidding the disclosure or discovery;
  (B)    specifying terms, including time and place, for the disclosure or discovery;
  (C)    prescribing a discovery method other than the one selected by the party seeking discovery;
  (D)    forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
  (E)    designating the persons who may be present while the discovery is conducted;
  (F)    requiring that a deposition be sealed and opened only on court order;
  (G)    requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
  (H)    requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

subject to discovery in this action. Such discovery includes, without limitation, testimony adduced at *Depositions By Oral Examination* pursuant to Fed. R. Civ. P., Rule 30, written responses to *Interrogatories to Parties* pursuant to Fed. R. Civ. P., Rule 33, *Producing Documents, Electronically Stored Information* produced pursuant to Fed. R. Civ. P., Rule 34, answers to *Requests for Admission* pursuant to Fed. R. Civ. P., Rule 36, and testimony, documents and things provided pursuant to Fed. R. Civ. P., Rule 45 *Subpoena* power.

(b) The provisions of this Stipulated Protective Order shall apply to: (1) the parties in this action; and (2) any third party producing or disclosing material(s) in this action who agrees to be, or is ordered by the Court to be, bound by the terms of this Stipulated Protective Order. The protections of this Order extend to the parties customers and business associations.

(c) In this action, at least one of the Parties has sought and/or is seeking "CONFIDENTIAL" Information or "ATTORNEYS EYES ONLY" Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional "CONFIDENTIAL" Information or "ATTORNEYS EYES ONLY" Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties business or privacy interests. FRCP 26 (c)(1)(G) The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of "CONFIDENTIAL" Information or "ATTORNEYS EYES ONLY" Information except as set forth herein.

2. Where appropriate, a Providing Party may add the designation "**CONFIDENTIAL**," or an equivalent designation, as to any document, thing, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 (a) – (b), below.

3. Where appropriate, a Providing Party may add the designation "**CONFIDENTIAL –ATTORNEYS' EYES ONLY**", or an equivalent designation, only when the Providing Party believes in good faith that the information or thing is, or has the potential of being, competitively sensitive to the Providing Party or competitively useful to the Receiving Party, such as trade secret or other confidential research, development, or commercial information. FRCP 26 (c)(1)(G)

    a. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    b. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development

process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

4. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item as follows:

"**CONFIDENTIAL**" shall be subject to the following restrictions:

(a) CONFIDENTIAL MATERIALS shall be used only for the purposes of this litigation (including appeals) and for no other purpose (unless authorized by the Court) and shall not be disclosed, given, shown, made available or communicated, directly or indirectly, in any way to anyone except those authorized persons set forth below if it is necessary that such CONFIDENTIAL MATERIALS be given or shown for the purposes permitted under this paragraph.

(b) CONFIDENTIAL MATERIALS specifically designated as such shall be disclosed, for the purposes set forth above in paragraph 4 (a), only to:

(i) the parties to this action and/or their employees who need access to CONFIDENTIAL MATERIALS, above;

(ii) counsel of record in this case for the parties, including their support personnel and support personnel;

(iii) the author or recipient of any document claimed to be CONFIDENTIAL, including any person shown to have personal knowledge of the contents of said document;

(iv) independent experts, consultants or translators for a party, including their support personnel, whose advice and consultation are being or

will be used by such party in connection with preparation for trial, or for trial in this action, including any motions in this action;

(v) the Court and those employed by the Court (including court reporters, stenographic reporters and Court personnel), in which case such information shall be filed under seal and kept under seal until further order of the Court;[2] and

(vi) any other person as to whom the Providing Party, or said party's legal representative, agrees to in writing or on the record.

(c) "CONFIDENTIAL –ATTORNEYS' EYES ONLY", or an equivalent designation, shall be disclosed, only to:

(i) counsel of record in this case for the parties, including their support personnel and Stephen Barone and Stephen Penner, outside patent counsel for PMS and their support personnel;

(ii) experts, consultants or translators for a party, including their support personnel, whose advice and consultation are being or will be used by such party in connection with preparation for trial, or for trial in this action, including any motions in this action, provided that counsel of record for the Providing Party is provided with written notice, together with a current resume for such expert or consultant, not less than ten (10) days before disclosure of such designated information to any such expert or consultant, unless otherwise agreed to in writing by

---

[2] **D. C. COLO. L Civ. R 7.2 B.** "A stipulated protective order or a confidentiality agreement executed by the parties, standing alone, will not suffice for sealing a paper or closing a court proceeding to the public, will not substitute for the showing required by D.C.COLO.LCivR 7.2C., and will not be binding on the court."

counsel for the Providing Party. Gregg Wagner and Thomas Bates, the inventors, are permitted to act as experts. John Mitchell and Bates, employees of PMS, are permitted to act as experts but no other person within PMS without consent of LWS. Mitchell and Bates shall not disclose CONFIDENTIAL –ATTORNEYS EYES ONLY material to any other person within PMS. Should counsel of record for the Providing Party disagree with the disclosure of so designated material to such other experts or consultants identified in the notice, the Providing Party may serve and file a noticed motion within not less than ten (10) days of receipt of the written notice. No disclosure shall take place until such motion is decided or by leave of the Court or stipulated by the parties; and

(iii) the Court and those employed by the Court (including Court reporters, stenographic reporters and Court personnel), in which case such information shall be filed under seal by motion as required by D. C. COLO. L Civ. R 7.2 B and kept under seal until further order of the Court.

4. Where Confidential Information or Attorneys Eyes Only Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**" on the first page or cover of any document produced;

b. By imprinting the word "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**" next to or above any response to a discovery request; and

c. In the case of depositions upon oral examination, if counsel for any party believes that a question or answer of its client, or former or current officers, directors or employees of such client, a third party witness and/or an expert constitutes "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**", counsel may so state on the record and may request that the specific pages which include such "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**" be included in a separate sealed portion of the transcript. When testimony designated as "**CONFIDENTIAL**" and, if applicable, also "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**"," is elicited during a deposition, persons not entitled to receive such information under the terms of this Stipulated Protective Order shall be excluded from the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as CONFIDENTIAL MATERIALS on the record at the deposition shall have thirty (30) days, following mailing of the transcript by the court reporter, in which to correct the failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute CONFIDENTIAL MATERIALS, and directing the reporter to place the same seal. Until expiration of the aforesaid thirty (30) day period, all deposition transcripts shall be considered and treated as protected CONFIDENTIAL MATERIALS under the classification "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**", unless otherwise agreed to on the record at the deposition.

d.  A Providing Party that inadvertently fails to mark an item at the time of production shall have ten (10) days thereafter in which to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked. Within five (5) days of receipt of the substitute copies, the Receiving Party shall return the previously unmarked items and all copies thereof or destroy the same and certify the destruction to counsel for the Providing Party. Until expiration of the aforesaid ten (10) day period, all items produced shall be considered and treated as protected CONFIDENTIAL MATERIALS. A Providing Party that inadvertently fails to mark an item at the time of production shall have ten (10) days from the discovery of said inadvertent disclosure to notify the opposing party. The Receiving Party shall follow the protocol set forth above and identify anyone who was provided access to the inadvertent disclosure, and advise all who reviewed the information not to further disseminate or disclose the inadvertent disclosure, including counsel.

5.  All Confidential Information or Attorneys Eyes Only Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.  It shall be used only for the purpose of this litigation;

b.  It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case.

6.  Any person given access to "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**" information pursuant to the terms hereof shall be advised

that the CONFIDENTIAL MATERIALS are being disclosed pursuant to, and subject to, the terms of this Stipulated Protective Order and may not be disclosed other than pursuant to the terms hereof, and that the violation of the terms of this Stipulated Protective Order may constitute contempt of a court order. Before any person designated in paragraphs 4 (b)(i)-(iv) and 4 (c)(i)-(ii) is given access to CONFIDENTIAL MATERIALS, he/she shall execute and acknowledge the written statement of assurance to be bound by the provisions of this Stipulated Protective Order as provided in the form attached hereto as Exhibit A. Individuals authorized to review "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**" pursuant to this Protective Order shall hold the Information in confidence and shall not divulge the Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7. The Party's counsel who discloses "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**" shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Information. A copy of each affidavit acknowledging the protective order shall be produced to the opposing party ten (10) days before any documents marked "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**" are disclosed, to allow sufficient time for opposing party to object in writing or otherwise seek additional protective orders. All designated information shall be stored and maintained in a manner that will prevent access to that information by unauthorized persons.

8. No copies of "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**" shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of C"**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**," and copies made therefrom.

10. (a) The acceptance by a party of "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**" shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL MATERIALS is, in fact, confidential. Any party may upon ten (10) days advance written notice to the other party move this Court for (i) modification of this Stipulated Protective Order, or (ii) relief from the provisions of this Stipulated Protective Order. In addition, the parties may agree in writing or on the record to necessary modifications of this Stipulated Protective Order.

(b) A party shall not be obligated to challenge the propriety of the designation of "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**" at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, the parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, the party challenging the propriety of the designation C"**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**" shall provide written notice of such challenge to the Providing Party, and the party wishing to maintain the designation must present a motion to the Court claiming such status within ten (10) business days of service of the written notice of challenge of the

claim to such status is waived. The material in issue shall continue to be treated as designated until the Court orders otherwise.

11.  Nothing in this Stipulated Protective Order shall require disclosure of material that counsel for a party or a third party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity. This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

12.  CONFIDENTIAL MATERIALS may be used to prepare for and conduct discovery and to prepare for trial. CONFIDENTIAL MATERIALS may also be used in testimony at trial, in connection with any motion, at any hearing, and at depositions, and may be offered in evidence at trial or in connection with any motion. The restrictions on use of CONFIDENTIAL MATERIALS set forth in this Stipulated Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation. The Court shall retain jurisdiction for the purpose of enforcing this Stipulated Protective Order until termination of this case.

(a)  All pleadings or other court filings which incorporate or disclose CONFIDENTIAL MATERIALS shall be filed, pursuant to D.C.COLO.LCivR 7.2, according to the ECF procedures for filing sealed materials, or if in paper form, unfolded in a sealed envelope or other appropriate sealed containers with a copy of a cover page affixed to the outside of the envelope, on which shall be endorsed: a) the case caption; b) the title of the paper or document; c) the name, address, and telephone number of the attorney or pro se party filing the paper or document; d) a notation that the paper or document is filed under seal; and e) the title and date of the court order pursuant to

which the paper or document is sealed, if applicable, or the citation of the statute or other authority pursuant to which the paper or document is sealed, if applicable. Copies of the papers or documents in sealed envelopes shall be filed in accordance with D.C.COLO.LCivR 10.1.

Such documents shall be kept in accordance with the Court's rules and shall remain under seal until otherwise ordered by the Court.

Where possible, those pages claimed to contain confidential information or material shall be segregated from the remainder of the associated material and filed separately. In addition, the above restraints shall not prevent a second copy of any pleading or paper specifically intended for review by the Court and appropriately designated from being hand delivered to the Court's chambers. Any documents so filed shall not be made a part of the public record herein and shall be returned to the respective parties promptly upon completion of the litigation.

(b) Any disclosure of CONFIDENTIAL MATERIALS in any other court proceeding herein (other than when proffered as evidence at trial) shall be made *in camera* unless the Court orders otherwise, or the parties mutually agree otherwise.

13. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to the attorney-client privilege, the protection afforded to work-product materials, the confidentiality protection of the Stipulated Protective Order, or the subject matter hereof. Upon receiving notice from the Providing Party that materials have been inadvertently produced, they shall be promptly returned

to the Providing Party. Such return shall not be deemed an admission or concession regarding any claimed privilege or protection under this Order.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15. Within sixty (60) days after final termination of this action including any appeals, settlement or otherwise, counsel for the Receiving Party shall return all copies of "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**" to counsel for the Providing Party, or shall destroy such "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEYS EYES ONLY**" and certify the destruction to counsel for the Providing Party except that counsel of record may retain for its files one full set of copies of pleading, affidavits, briefs and memoranda filed in this action; one set of transcripts of all depositions (with exhibits) taken and all of its own work product generated in connection with this action.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information or Attorneys Eyes Only Information shall be treated at trial.

17. Any person to whom disclosure is made pursuant to any of the foregoing subparagraphs shall be subject to the restrictions imposed by this Stipulated Protective Order and consents to be subject to the personal jurisdiction of this Court for the limited purposes of securing compliance with the terms, or to punish the breach of any of the terms, of this Order.

Protective Order
Case. No. 09CV02882 WYD

DATED this 3rd day of June 2010.

BY THE COURT:

/s/ Michael J. Watanabe
United States Magistrate Judge

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

| ROPERS MAJESKI KOHN & BENTLEY | LAW OFFICE OF JAMES A. JABLONSKI |
|---|---|
| By:/s Lael D. Andrus | By: /s James A. Jablonski |
| Robert P. Andris<br>Lael D. Andara | James A. Jablonski |
| 1001 Marshall Street, Suite 300<br>Redwood City, CA 94063<br>Telephone: (650) 364-8200<br>Facsimile: (650) 780-1701 | 1801 Broadway, Suite 1100<br>Denver, CO 80202<br>Telephone: (303) 292-0110<br>Facsimile: (303) 292-0522 |
| Attorneys for Defendant Lighthouse Solutions Inc. | Attorneys for Plaintiff Worldwide Systems Inc. |




4 of 15

Protective Order
Case. No. 09CV02882 WYD

- 

-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02882-WYD-MJW

PARTICLE MEASURING SYSTEMS, INC., a Colorado corporation,

    *Plaintiff,*

v.

LIGHTHOUSE WORLDWIDE SOLUTIONS, INC. a California corporation,

    *Defendant.*

---

**AFFIDAVIT AND ACKNOWLEDGMENT OF PROTECTIVE ORDER**

---

I, _____, declare under penalty of perjury that: I reside at _____ in the city of _____, county of _____, state of _____, and acknowledge and declare as follows:

I have been provided with and have read a copy of the Stipulated Protective Order ("Order") dated _____ entered in connection with this case and I agree, upon the threat of penalty of contempt and other civil remedies, to be bound by the terms of this Order. I further irrevocably consent to the jurisdiction of the United States District Court, District of Colorado, for the purpose of any proceeding to enforce or secure compliance with the terms of this Order, or to punish the breach of any of the terms of this Order.

    _____(Signature) ____,____,2010 (Date)

    _____(Print or Type Name)

    Address:_____

    _____

    Telephone No.: (___)_____